(C. D. 445)

VOLUPTE, INC. v. UNITED STATES

United States Customs Court, First Division

(Decided March 6, 1941)

*James W. Bevans* for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard F. Weeks* and *Joseph B. Brady,* special attorneys), for the plaintiff.

Before BROWN and WALKER, Judges

WALKER, Judge: The merchandise involved in these suits against the United States is variously described on the invoices as "clove

oranges," "pomander oranges," or "pomanders." Upon importation they were assessed with duty by the collector of customs at the rate of 37½ per centum ad valorem under the provision in paragraph 61 of the Tariff Act of 1930, as modified by the French Trade Agreement reported in T. D. 48316, for nonalcoholic articles of perfumery or toilet preparations. Various claims are made in the protests, but the claim evidently relied upon is that for duty at the rate of 20 per centum ad valorem under the provision in paragraph 1558 of the same act for—

* * * all articles manufactured, in whole or in part, not specially provided for * * *.

It appears from the evidence offered on behalf of the plaintiff, which is not disputed, that the articles in issue were prepared by inserting cloves in ripe oranges and placing the same in an oven until all of the liquid substance of the orange dried out, which usually took about a week. Those of the clove oranges at bar which were imported during the year 1938 were also brushed, after drying, with clove oil "so as to extend the smell of the cloves" or to make the odor more pungent, while those imported during the year 1939 were not so treated. Two samples of the merchandise are before us; exhibit 1 representing the clove oranges imported in 1938, and exhibit 2 those imported in 1939. They both emit an odor in which the scent of cloves predominates.

So far as the use of the articles is concerned plaintiff's witness testified on direct examination:

Q. What is their use in this country?—A. They are put into clothes closets so as to take away the bad smell of clothing in the closets.

Q. That would be in a closet that had——?—A. A closet of a smoker.

Q. What effect would that have?—A. Probably eliminate the smell of smoke.

and on cross-examination:

X Q. You hang them up in the closet and that makes the clothes smell nice?— A. That is right.

X Q. That is the purpose?—A. That is right.

X Q. And that is the only purpose they have.—A. Take away any odor there may be in the clothes compartment, sort of a deodorant also.

X Q. They would scent up the clothes if there were any clothes in there?— A. Well it would leave a smell of clove oil, yes.

X Q. Have you ever seen them put in a bureau drawer where there are no clothes, so as to scent the handkerchiefs or shirts?—A. No, I do not think the odor is of a type that could be used for that purpose. It is too pungent.

X Q. To your observation it has only been used in rooms and clothes closets?— A. For heavy clothes.

The issue is clearly stated by defendant's counsel in the brief filed in its behalf as follows:

Are the articles in question perfumery or toilet preparations within the meaning of those terms as used in paragraph 61 of the Tariff Act of 1930, as amended by the French Trade Agreement, T. D. 48316?

Paragraph 61, as amended, *supra*, reads as follows:

Perfumery, including cologne and other toilet waters, articles of perfumery, whether in sachets or otherwise, and all preparations used as applications to the hair, mouth, teeth, or skin, such as cosmetics, dentifrices, tooth soaps, pastes, theatrical grease paints, pomades, powders, and other toilet preparations, all the foregoing:

If containing alcohol_____40¢ per·lb. and 37½% ad val.
If not containing alcohol_____37½% ad val.

At the outset we think it is apparent that the clove oranges in issue are not toilet preparations within the meaning of the paragraph. The term "toilet preparations" appears to be limited to preparations used as applications to the hair, mouth, teeth, or skin. *United States* v. *Thomas & Pierson*, 18 C. C. P. A. 142, T. D. 44360. This narrows the issue to the question whether clove oranges are articles of perfumery.

"Perfumery" is defined in Funk & Wagnalls New Standard Dictionary as "Perfumes in general." "Perfume" is defined as—

1. A pleasant odor, especially from flowers; as, the air is laden with perfume
2. A fragrant substance or mixture prepared to emit a pleasant odor.

A deodorant is defined in the same work as "a deodorizer" and the latter, in turn, is defined as "Any agent which destroys bad odors."

While it may be said that a perfume is something that pleasantly affects the olfactory nerves—the fragrance of roses and the like—it cannot be said that everything achieving that result is a perfume. How frequently have we heard the exclamations of guests as the odor of steak and onions was wafted through the home—yes, and noted the smacking of the lips as the delectable (to some) odor of corned beef and cabbage permeated the air—but would one therefrom conclude that onions or cabbages were perfumery? Cloves, too, have been the subject for many years of much domestic discussion, but no one ever claimed they were other than a deodorant, a breath-killer, or a spice, it being a matter of common knowledge of which we may take judicial notice that one of the principal uses of cloves is as an aromatic spice used by housewives generally in the preparation of foods. It seems to this court that only by the wildest stretch of the imagination could one conclude otherwise. No, we must conclude from the evidence and the rule of reason and common sense that the exhibits herein are deodorants and certainly not perfumery.

It is urged on behalf of the defendant that if the articles at bar are not dutiable directly under the perfumery paragraph, they are dutiable thereunder by similitude under the provisions of paragraph 1559, which read as follows:

That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to

the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

Inspection of the sample fails to reveal any substantial basis upon which a finding of similitude could be made. Certainly oranges, cloves, and clove oil are not generally considered to be materials such as one finds in articles of perfumery; in both quality and texture clove oranges are unlike such articles, and their use is substantially different from that of perfumery, the former being used primarily to neutralize or destroy bad odors while the latter is used to impart a pleasant odor.

There being no more specific provision in the tariff act for the clove oranges at bar we hold they are properly dutiable at the rate of 20 per centum ad valorem under the provision in paragraph 1558, *supra*, for nonenumerated manufactured articles. . Judgment will issue accordingly.